IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JORGE NUNEZ

    Plaintiff,

v.                                                                                   C.A. NO.: 1:12-cv-00321-LY

FIGHTING ORANGE, LLC.,

    Defendant.
_____/

**PLANTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Plaintiff, JORGE NUNEZ, by and through his undersigned counsel, moves to dismiss Defendant's counterclaim and in support thereof states as follows:

**Memorandum of Law**

Plaintiff has sued the Defendant for violations of the Fair Labor Standards Act. Defendant has filed a counterclaim which seeks sanctions pursuant to Federal Rule of Civil Procedure 11. Plaintiff moves to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a cause of action.

**I. The Legal Standard**

Rule 12(b)(6) allows dismissal if a defendant asserting a counterclaim fails "to state a claim upon which relief can be granted."FED.R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, a court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)(quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)). To survive the motion, the plaintiff must plead "enough facts to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1960, 173 L.Ed.2d 868 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V(US), LP v. Barclays Bank PLC,* 594 F.3d 383, 2010 WL 60897, at *3 (5th Cir. 2010) (citing *Iqbal,* 129 S.Ct. at 1949). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (ellipsis in original) (quoting *Twombly,* 127 S.Ct. at 1966).

**II.  Rule 11 does create a cause of action.**

Courts have routinely found that Rule 11 does not provide the basis for a cause of action. *See Pet Silk, Inc. v. Jackson,* 2010 WL 148145, *2 (S.D.Tex. Jan.14, 2010 ); *Cohen v. Lupo,* 927 F.2d 363, 365 (8th Cir.1991) ("Rule 11 is a procedural tool that under the Rules Enabling Act can not abridge, enlarge or modify any substantive right. Rule 11 sanctions must be sought by motion in a pending case; there can be no independent cause of action instituted for Rule 11 sanctions." (citation and internal quotation marks omitted)); *Port Drum Co. v. Umphrey,* 852 F.2d 148 (5th Cir.1988) (affirming dismissal of a suit seeking to enforce Rule 11 against attorneys in a prior case and holding that Rule 11 does not create a separate cause of action); *Stark v. Gov't Accounting Solutions, Inc.,* No. 2:07-cv-755, 2008 WL 4683289, at * 2 (S.D.Ohio Oct.22, 2008) ("Rule 11 was never intended to create a bad-faith tort in favor of a party who has been subjected to harassing or vexatious litigation. Accordingly, a counterclaim based on Rule 11 fails to state a claim upon which relief can be granted." (citation

omitted)); 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4408 n .41 (2d ed.2002) (observing in the context of claim preclusion that Rule 11 "is a procedural tool that cannot abridge, enlarge, or modify any substantive right" and "does not create an independent cause of action, and cannot abridge the substantive state law of malicious prosecution"). Accordingly, Defendant's counterclaim should be dismissed under Federal Rule of Civil Procedure 12(b) for failing to state a cause of action.

### III. Conclusion

For the reasons stated above, Plaintiff respectfully requests this Court to dismiss with prejudice Defendant's counterclaim.

Respectfully submitted this 17th day of July 2012.

Respectfully submitted,

ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

_____
CHARLES L. SCALISE
Western Bar No. 24064621
Charles@rosslawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of July, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification to the following:

Scott Allen
1411 W. Avennue H
Temple TX 76504

/s/Charles L. Scalise
Charles L. Scalise